UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

GENE WILBUR
575 North Dousman Road
Oconomowoc, WI 53066

    Plaintiff,

    vs.                             Case No: 14-C-0046

COUNTY OF WAUKESHA        **JURY TRIAL DEMANDED**
515 Moreland Boulevard
Waukesha, WI 53188

    and

CITY OF PEWAUKEE
W240 N3065 Pewaukee Road
Pewaukee, WI 53072

    Defendants.

---

### COMPLAINT

---

COMES NOW the Plaintiff, Gene Wilbur, by his counsel, HEINS & MINKO LLC, by Attorneys Janet L. Heins, Richard A. Dahl, Erica N. Reib, and Michael J. Gentry, as and for a claim against the Defendants, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This is a 42 U.S.C. §§ 1983 and 1988 *et seq.*, and 42 U.S.C. § 2000e *et seq.,* statutory action, *inter alia,* seeking backpay, damages, attorney fees, and all other damages available from the Defendants for violations of the Plaintiff's rights to freedom of speech and association equal employment and equal protection of the laws.

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question, and 28 U.S.C. § 1343, as this case involves the deprivation of civil rights. This court has supplemental jurisdiction over the Wisconsin law claims against Defendants pursuant to 28 U.S.C. § 1367.

3. Venue with regard to Plaintiff's claims is vested in this Court pursuant to 28 U.S.C. § 1391(b), *inter alia*. The unlawful employment practices alleged herein were committed in the Eastern Judicial District of the State of Wisconsin.

## PARTIES

4. The Plaintiff, Gene Wilbur, is an adult male resident of the State of Wisconsin with a post office address of 575 North Dousman Road, Oconomowoc, Wisconsin 53066.

5. The Defendant, County of Waukesha, was, at all times material herein, a Wisconsin municipal corporation with a principal address of 515 Moreland Boulevard, Waukesha, Wisconsin 53188. At all times material herein, Defendant Waukesha County acted "under color of law" within the meaning of 42 U.S.C. § 1983.

6. The Defendant, City of Pewaukee, was, at all times material herein, a Wisconsin municipal corporation with a principal address of W240 N3065 Pewaukee Road, Pewaukee, Wisconsin 53072. At all times material herein, Defendant City of Pewaukee acted "under color of law" within the meaning of 42 U.S.C. § 1983.

## FACTS

7. Plaintiff was a Police Officer with the Defendant City of Pewaukee's Police Department from approximately June 1985 until February 1991, when he was promoted to Police Corporal. Plaintiff was promoted to Police Sergeant effective January 1, 1997, in which position he remained until the elimination of his position on December 31, 2009.

8. Plaintiff at all times material herein adequately and appropriately performed his duties as a Police Officer and Police Sergeant in a manner consistent with and exceeding the expectations of him by Defendant City of Pewaukee's Police Department.

9. In approximately November 2008, Plaintiff made internal complaints of unfair treatment and discrimination to Defendant City of Pewaukee's Acting Chief Meister.

10. In approximately 2008, civil rights charges, both internal to the Department and external, were filed against the Chief of the City of Pewaukee's Police Department at that time, Gary Bach.

11. On or about November 5, 2008, Chief Bach requested a John Doe Proceeding into potentially criminal conduct by various employees of the City of Pewaukee's Police Department.

12. During the John Doe Proceeding, when Defendant City of Pewaukee's Administrator, Tammy La Borde, was questioned about her actions and duties regarding the City's Police Department, she exercised her 5th Amendment Rights against self-incrimination on eleven separate occasions.

13. At the conclusion of the John Doe Proceeding, Judge Mac Davis issued two felony charges against John Kopatich of Defendant City of Pewaukee's Police Department for his actions.

14. Plaintiff refused to lie in accordance with the wishes of the acting department administration pursuing charges and investigations against Chief Bach.

15. Plaintiff refused to sign or endorse a "vote of no confidence" in Chief Bach that was circulated by Bach's opponents within Defendant City of Pewaukee's Police Department.

16. In retaliation for Plaintiff's refusal to lie regarding Chief Bach, Defendant City of Pewaukee's Police Department acting administration materially and negatively altered Plaintiff's

3

terms and conditions of employment for the months leading up to the disbanding of the Department.

17. Defendant City of Pewaukee's Police Department's acting administration undermined Plaintiff's authority as a police sergeant by commenting negatively about Plaintiff within the department and to the public at large, and by investigating him during and after his employment for scurrilous, baseless charges of misconduct in public office.

18. Defendant City of Pewaukee's Mayor, Scott Klein, moved to disband the City of Pewaukee's Police Department in significant part because of ongoing investigations and litigation in the City of Pewaukee's Police Department, including investigations of Plaintiff and former Chief Bach.

19. Defendant City of Pewaukee made arrangements to receive police services and protection for its citizens from Defendant Waukesha County's Sheriff's Department effective on January 1, 2010.

20. Defendant City of Pewaukee claimed that budgetary reasons formed the basis of the decision to disband its Police Department, but Defendant City of Pewaukee had a surplus of more than $1 million for Budget Year 2010.

21. In transitioning its police services and protection for its citizens from the City of Pewaukee's Police Department to Defendant Waukesha County's Sheriff's Department effective on or about January 1, 2010, Defendant City of Pewaukee urged and supported all of its former police officers to apply for positions with Defendant Waukesha County's Sheriff's Department, except for Plaintiff and other police personnel who supported former Chief Bach.

22. Plaintiff applied for a position with Defendant Waukesha County's Sheriff's Department for which he was fully qualified and passed all examinations and moved on to the

background check.  Although he did not have 60 college credits at the time of his application, he was "grandfathered" into the requirements by the Wisconsin Training and Standards Board.  Even after Plaintiff obtained the 60 credits, Defendant Waukesha County still refused to hire him.

23. In discussing Defendant City of Pewaukee's officers' applications to Defendant Waukesha County's Sheriff's Department, City of Pewaukee Planner Harlan Clinkenbeard commented to City of Pewaukee Director of Public Works, Jeffery Wiegel, "We don't have to worry about Wilbur, he can build houses."

24. Defendant Waukesha County's Sheriff Trawicki told City of Pewaukee resident Tim Toman, "I didn't hire Wilbur because the City [of Pewaukee] didn't ask me to."

25. Defendant Waukesha County's Sheriff Trawicki lied to a member of his command staff in stating that Plaintiff was not willing to obtain 60 college credits he allegedly needed to be hired by Defendant Waukesha County.

26. Defendant City of Waukesha's Sheriff Trawicki commented during a Waukesha County Personnel Committee meeting on November 17, 2009, "the City of Pewaukee does not want some of their former employees working in their area.  If people want to work in the City of Pewaukee and the City of Pewaukee wants them, they will work there."

27. On February 16, 2010, Detective Richard Motola of Wisconsin State Fair Park Police Department, as part of a background investigation into Plaintiff, interviewed Acting Chief Meister regarding the Plaintiff; during that interview, Meister stated that Gene was very loyal to former Chief Bach and made false statements regarding Plaintiff as follows:

    a. Meister stated that Gene had been giving Bach inside information.

5

Case 2:14-cv-00046-LA   Filed 01/14/14   Page 5 of 13   Document 1

b. Meister stated that Gene denied being involved in giving Bach inside information but it concerned Meister.

c. Meister stated that other than "that issue," referring to paragraphs 27 a-c above, he has no other issues with Gene Wilbur becoming a police officer for the Wisconsin State Fair Park Police Department.

28. Detective Motola also interviewed former Chief Bach and former Officer Robert Kraemer as part of its background investigation into Plaintiff, and both men gave positive information about Plaintiff supporting his hire by Wisconsin State Fair Park's Police Department.

29. In retaliation for Plaintiff's refusal to lie about or take negative action against Chief Bach, Defendant City of Pewaukee interfered with Plaintiff's application to Defendant Waukesha County's Sheriff's Department, resulting in Defendant Waukesha County's denial of his application.

30. The only other former City of Pewaukee Police Sergeant who Defendant Waukesha County refused to hire into its Sheriff's Department upon the Pewaukee Police Department's disbandment was the only other officer who also supported Chief Bach, Cher Sneider.

31. Defendant City of Pewaukee's refusal to support its only two police sergeants who supported Chief Bach, thereby denying them equal employment opportunities with Defendant Waukesha County, was a policy and practice so well established as to constitute an unwritten city policy of unlawful retaliation.

32. Defendant Waukesha County's refusal to hire only the two police sergeants from the disbanded Police Department of Defendant City of Pewaukee who supported Chief Bach,

6

thereby denying them equal employment opportunities with Defendant Waukesha County, was a policy and practice so well established as to constitute an unwritten county policy of unlawful retaliation.

33. At all times material herein, Defendants knew or should have known that Plaintiff was entitled to the full protection of federal and state laws against retaliation, including his right to support Chief Bach.

34. Defendants knew, or should have known, that they had a duty to evaluate whether federal and state laws were being violated in their treatment of the Plaintiff's situation, but they, with deliberate indifference and without rational basis, disregarded that duty in terminating the Plaintiff and in refusing to hire the Plaintiff without taking into account his protected status under federal and state law.

35. Defendants had a duty to consider whether the Plaintiff's termination and non-hire was appropriate under their own policies and under the federal and state laws prohibiting discrimination in Plaintiff's employment with them, but they ignored that duty in terminating the Plaintiff and in refusing to hire Plaintiff.

36. After Defendant City of Pewaukee disbanded its Police Department effective December 31, 2009, Defendant City of Pewaukee current and former employees gave false testimony against Plaintiff and arranged for baseless criminal investigations into Plaintiff's conduct while employed as a Sergeant for Defendant City of Pewaukee's Police Department, following Defendant Waukesha County's discovery of serious disorganization and missing evidence in Defendant City of Pewaukee's Police Department property room.

37. On April 7, 2010, while employed on duty at Defendant Waukesha County's Sheriff's Department, John Kopatich knowingly made false statements regarding Plaintiff to investigators as follows:

    a. Kopatich stated that Gene Wilbur was the sergeant in charge of the evidence room.

    b. Kopatich stated that the evidence property room system was a mess and that it was Gene Wilbur's job to fix it up, but that he didn't do a very good job at it.

    c. Kopatich stated that there was no inventory on anything that went in or out of the police department.

38. Defendant Waukesha County later promoted Kopatich.

39. On April 7, 2010, while employed on duty at Defendant Waukesha County's Sheriff's Department, Brian Ripplinger knowingly made false statements regarding Plaintiff to investigators as follows:

    a. Ripplinger stated that Sergeant Wilbur was the officer in charge of the property room.

    b. Ripplinger stated that Sergeant Wilbur became a full time officer and then took over the property room.

40. Defendant Waukesha County later promoted Ripplinger.

41. On April 9, 2010, while employed on duty at Defendant Waukesha County's Sheriff's Department, Brian Fredericks knowingly made false statements regarding Plaintiff to investigators as follows: Fredericks stated that he had nothing to do with firearms that were in the property inventory room.

42. Defendant Waukesha County later promoted Fredericks.

43. During an investigation initiated by Defendant Waukesha County in 2010, after Plaintiff's termination, Defendant City of Pewaukee, including but not limited to Administrator Tammy LaBorde, knowingly fabricated evidence to make it appear as if Plaintiff attempted to sell firearms and controlled substances from the Police Department's property room to a local firearms dealer and then informed third party investigators that firearms were missing, when they knew that the items were located at the department the entire time.

44. During an investigation initiated by Defendant Waukesha County in 2010, Defendant City of Pewaukee asked third party investigators to investigate a sealed bid vehicle that Plaintiff purchased but did not investigate other such purchasers by other officers.

45. During an investigation initiated by Defendant Waukesha County in 2010, Defendant Waukesha County directed third party investigators to find out if Plaintiff had improperly solicited a police discount but did not investigate other officers for allegedly doing so.

46. During an investigation initiated by Defendant Waukesha County in 2010, Defendant Waukesha County directed third party investigators to find out if Plaintiff had purchased ammunition for City of Pewaukee's Police Department authorized competitive shooting events through the Department without pay sales tax but did not investigate other officers for allegedly doing so.

47. When Plaintiff attempted to obtain information regarding an investigation initiated by Defendant Waukesha County in 2010, Defendant City of Pewaukee officials furnished documents containing false allegations about Plaintiff to a local newspaper reporter on the same day that Plaintiff filed an open records request for such information.

48. Plaintiff applied in 2013 for employment with the Elm Grove Police Department as a sworn officer; Plaintiff completed testing and interviews and was advised that Elm Grove would be conducting a background check on Plaintiff.

49. In July 2013, Defendant Waukesha County's Sheriff's Department provided the Elm Grove Police Department with documentation of an investigation it conducted into Plaintiff based upon proven false allegations that Plaintiff engaged in misconduct while employed by Defendant City of Pewaukee's Police Department in allegedly improperly submitting a sealed bid for an auctioned vehicle seized by the department.

50. The Elm Grove Police Department refused to hire the Plaintiff based upon the false information provided by Defendant Waukesha County's Sheriff's Department.

51. On October 15, 2013, Plaintiff filed a retaliation complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant Waukesha County Sheriff's Department, designated as EEOC Charge No. 443-2014-00058.

52. Plaintiff was issued a Notice of Right to Sue on EEOC Charge No. 443-2014-00058 on November 5, 2013.

53. Plaintiff has exhausted all of his administrative remedies and satisfied all conditions precedent to bringing this action.

### FIRST CLAIM FOR RELIEF—42 U.S.C. § 1983

54. Plaintiff incorporates by reference and realleges paragraphs 1-53.

55. Defendants unlawfully retaliated against Plaintiff for supporting Chief Bach in violation of the First and Fourteenth Amendments to the U.S. Constitution and in violation of his free speech, association and equal protection rights as protected by 42 U.S.C. § 1983.

56. As a direct, foreseeable, and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered injury and damages in the form of lost wages, lost employment benefits, loss of reputation among his co-workers, damage to his career, physical pain and suffering, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

## SECOND CLAIM FOR RELIEF—42 U.S.C. § 2000e

57. Plaintiff incorporates by reference and realleges herein paragraphs 1-56.

58. Defendants unlawfully retaliated against Plaintiff for supporting Chief Bach during civil rights investigations, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* by substantially altering the terms and conditions of his employment, by terminating his employment through the disbanding of the City of Pewaukee's Police Department, by causing baseless criminal charges to be brought against him for alleged misconduct in public office, and by giving false statements to prospective employers of Plaintiff that caused such prospective employers not to hire him.

59. As a direct, foreseeable, and proximate result of Defendants' unlawful discrimination as complained of herein, Plaintiff has suffered injury and damages in the form of lost wages, lost employment benefits, loss of reputation among his co-workers, damage to his career, physical pain and suffering, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

## THIRD CLAIM FOR RELIEF—DEFAMATION

60. Plaintiff incorporates by reference and realleges herein paragraphs 1-59.

61. Defendants defamed Plaintiff by giving false statements to prospective employers of Plaintiff that caused such prospective employers not to hire him.

11

62. As a direct, foreseeable, and proximate result of Defendants' unlawful defamation as complained of herein, Plaintiff has suffered injury and damages in the form of lost wages, lost employment benefits, loss of reputation in his profession, damage to his career, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

### FOURTH CLAIM FOR RELIEF—TITLE VII RETALIATION

63. Plaintiff incorporates by reference and realleges herein paragraphs 1-62.

64. Defendants unlawfully retaliated against Plaintiff for filing previous charges of discrimination by giving false statements to prospective employers of Plaintiff that caused such prospective employers not to hire him.

65. As a direct, foreseeable, and proximate result of Defendants Waukesha County and City of Pewaukee's unlawful retaliation as complained of herein, Plaintiff has suffered injury and damages in the form of lost wages, lost employment benefits, loss of reputation in his profession, damage to his career, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment that the acts, policies, practices and procedures of Defendants violated the rights of the Plaintiff under the First and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. § 1983, *et seq.*;

2. Issue a declaratory judgment that the acts, policies, practices and procedures of Defendants violated the rights of the Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*;

3. Issue a permanent injunction against future acts, policies, practices and procedures that violate the First and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. § 1983, *et seq.*, by Defendants;

4. Issue a permanent injunction against future acts, policies, practices and procedures that violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, by Defendants;

5. Order Defendants to make Plaintiff whole by providing appropriate back pay, compensatory and punitive damages, front pay, prejudgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

6. Grant to Plaintiff his attorney fees, costs and disbursements pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and all other applicable provisions; and

7. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY OF TWELVE AS TO ALL TRIABLE ISSUES**

Dated this 14th day of January, 2014.

HEINS & MINKO LLC
Counsel for the Plaintiff

*s/ Janet L. Heins*            .
Janet L. Heins, State Bar No. 1000677

HEINS & MINKO LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com