UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GENE WILBUR

    Plaintiff,

v.                                  Case No: 14-CV-0046-PP

COUNTY OF WAUKESHA
and CITY OF PEWAUKEE,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 24) AND GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (DKT. NO. 51)**

Plaintiff Gene Wilbur has filed two motions: one to compel discovery from defendant County of Waukesha ("Waukesha County"), dkt. no. 24, and the other for an extension of time to respond to the pending motions for summary judgment filed by Waukesha County and its co-defendant City of Pewaukee, dkt. no. 51.

The court will deny the plaintiff's motion to compel discovery, and will grant the plaintiff's motion for an extension of time to respond to the defendants' summary judgment motions.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff is a former police sergeant with the City of Pewaukee Police Department. Dkt. No. 1 at 2. On January 14, 2014, he filed this action against Waukesha County and the City of Pewaukee, alleging that the defendants

1

defamed him and retaliated against him in response to his support for former City of Pewaukee Police Chief Gary Bach and in response to engaging in protected speech and protected activity under Title VII of the Civil Rights Act of 1964. Id. at 10-13. The original deadline for the close of discovery was February 20, 2015, a date set by Judge Adelman at a May 2014 pretrial conference when this case was pending before him. Dkt. No. 8. In December 2015, the case was reassigned to Judge Pepper. On February 1, 2015, less than three weeks before the deadline, the court granted the plaintiff an emergency 30-day stay of all discovery and motions deadlines. Dkt. No. 15. In a scheduling conference held on February 17, 2015, the court extended the discovery deadline to June 29, 2015. Dkt. No. 17. In June 2015, by stipulation of the parties, the court again extended the discovery deadline, this time to October 16, 2015. Dkt. No. 18. In September 2015, the court vacated its June 2015 scheduling order and scheduled a November status conference, dkt. no. 19, in which the court extended the discovery deadline again, this time setting the close of discovery as February 1, 2016, dkt. no. 20. In February 2016, after the discovery deadline had passed, and once more by stipulation of the parties, the court yet again extended the discovery deadline. Dkt. No. 23. The court set the most recent discovery deadline for March 31, 2016, over two years after the plaintiff filed his complaint. Id. The court set a dispositive motion deadline of May 25, 2016. Id.

The plaintiff filed this motion to compel on March 31, 2016—the discovery deadline. Dkt. No. 24. The motion requests, among other things, that

Waukesha County answer certain interrogatories seeking to identify officers hired and promoted by the County, id. at 1-2, officers who did not receive education incentive pay, id. at 2, and officers who were required to take a physical standards test multiple times, id. at 3. The motion also requests that Waukesha County produce any and all documents concerning the plaintiff dating back to 2005, id. at 3-4, any and all statements made by or for any party or witness related to the facts of the case in any way, id. at 4, and any and all documents related to the plaintiff's background check for the Elm Grove Police Department, id. Waukesha County filed its response to the motion on April 20, 2016. Dkt. No. 28. The plaintiff did not file a reply. On May 25, 2016, while the plaintiff's motion to compel was pending, the defendants timely filed motions for summary judgment. Dkt. Nos. 29, 32.

On June 24, the plaintiff filed an expedited non-dispositive motion under Civil Local Rule 7(h) requesting an extension of time to respond to the defendants' summary judgment motions. Dkt. No. 51. He contends that he needs the discovery he sought in his motion to compel in order to respond to the summary judgment motions. Id. at 1-2. The defendants have responded to that motion. Dkt. Nos. 52, 53.

## II. THE COURT WILL DENY THE PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Procedurally, the plaintiff's motion to compel suffers from two defects. It lacks proper certification under F.R.C.P. 37 and Civil L.R. 37, and it is untimely under the circumstances. Substantively, the court finds that the

3

plaintiff has not established that Waukesha County has failed to comply with its discovery obligations, or that the plaintiff will suffer prejudice if the court denies the motion.

### a. The Plaintiff's Motion To Compel Lacks The Proper Certification

Civil Local Rule 37 and Federal Rule of Civil Procedure 37(a)(1) impose several requirements on parties before they may file a motion to compel. Fed. R. Civ. P. 37; Civil L.R. 37. The federal rules require the plaintiff to certify that he has "in good faith conferred or attempted to confer" with the defendant to resolve the discovery dispute without court action. Fed. R. Civ. P. 37(a)(1). Under the corresponding local rule, the plaintiff also must certify that the parties were "unable to reach an accord," and must provide the dates and times of the conferences, as well as the names of the parties present. Civil L.R. 37.

Movants usually include the certification as an addendum to the motion, but the plaintiff's motion did not. In lieu of a certification, the plaintiff stated in the motion: "the parties have repeatedly conferred in good faith on this dispute…[and] have reached deadlock." Dkt. No. 24. While the motion asserts that the parties conferred in good faith, the plaintiff's supporting materials do not support his assertion that the parties have worked to resolve their disagreement. See Dkt. No. 26.

The plaintiff filed two letters in support of his motion. Dkt. Nos. 26-1, 26-2. The first letter, sent on March 16, 2015 from the plaintiff's counsel to Waukesha County's counsel, identified the alleged deficiencies in certain of

Waukesha County's discovery responses, requested supplemental responses, and invited Waukesha County's counsel to "contact [plaintiff's counsel] with any questions or concerns." Dkt. No. 26-1. The second letter, sent on March 18, 2016, is Waukesha County's counsel's response to the plaintiff's counsel's letter from over one year earlier. Dkt. No. 26-2. In that letter, Waukesha County's counsel responded that the County would stand on its original responses and objections. Id. at 2-6. Waukesha County's counsel explained that she did "not understand [the plaintiff's] stated reason for" requesting certain information, and, after explaining that the County already had produced the documents responsive to one of the plaintiff's requests, asked the plaintiff's counsel to explain "what other information do you believe has not been produced?" Id. at 4. There is no indication in the plaintiff's motion that the parties conferred between the date of the second letter and the date the plaintiff filed this motion to compel, despite evident misunderstandings.

The certification requirement "must be taken seriously." Imbody v. C & R Plating Corp., No. 1:08-CV-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010). It is a deliberate imperative for the parties to confer outside of the courthouse and seek a resolution to discovery disputes without the intervention of the court. "What matters is that there is a true-back-and-forth dialogue." Vukadinovich v. Hanover Cmty. Sch. Corp., No. 2:13-CV-144-PPS-PRC, 2014 WL 667830, at *3 (N.D. Ind. Feb. 20, 2014). In situations where certification of good faith conferencing is ambiguous and where, as here, the only evidence that the parties conferred is in the form of exchanged letters,

5

courts have been unwilling to decipher letters between counsel to conclude that the requirement has been met. E.g. Ross v. Citifinancial, Inc., 203 F.R.D. 239, 240 (S.D. Miss. 2001).

"A looming discovery deadline can be sufficient to waive the requirements of a meet and confer rule." Amatangelo v. Nat'l Grid USA Serv. Co., No. 04-CV-246S(F), 2007 WL 4560666, at *5 (W.D.N.Y. Dec. 18, 2007). Here, however, the discovery deadline had been extended multiple times, resulting in an almost two-year discovery period. If the parties failed to confer, as the absence of proper certification suggests, it does not appear to have been for lack of opportunity.

The plaintiff's certification of his efforts to confer in good faith is deficient under Local Rule 37. Though this could form the basis for denying the plaintiff's motion, the court is not denying the motion on that ground. Rather, the court will deny the motion because it is untimely and substantively without merit.

### b. The Plaintiff's Motion To Compel Is Untimely

This court has broad discretion in discovery matters, and it is within the court's discretion to determine the timeliness of a motion to compel. James v. Hyatt Regency Chicago, 707 F.3d 775, 784 (7th Cir. 2013); Henneman v. Fed. Check Recovery, No. 10-C-746, 2011 WL 1900183, at *3 (E.D. Wis. May 19, 2011) (citing Packman v. Chicago Tribune Co., 267 F.3d 628, 647 (7th Cir. 2001)). Some districts, though not this one, have prescribed clear rules establishing when parties must file motions to compel for them to be

6

considered timely. See U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002). While there is no bright-line rule, courts generally consider motions brought after the close of discovery to be untimely. Packman, 267 F.3d at 647. Aside from this guidance, courts have said that there is no principled way of determining in advance when a motion to compel should be deemed untimely. In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 333 (N.D. Ill. 2005). In making a timeliness determination, courts have considered, among other factors, the number of times the discovery deadline has been extended and the explanation for the filing delay. See Henneman v. Federal Check Recovery, No. 10-C-746, 2011 WL 1900183, at *3 (E.D. Wis. May 19, 2011) (citing Days Inn Worldwide, Inc. v. Sonia Investments, 237 F.R.D. 395, 398 (N.D. Tex. 2006)). Under some circumstances, courts have found motions filed *before* the discovery deadline to be untimely. See Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C., No. 03-C-760, 2004 WL 3021842, at *4 (N.D. Ill. Dec. 30, 2004); Hyland v. Homeservices of Am., Inc., No. 3:05-CV-612, 2012 WL 1680109, at *5 (W.D. Ky. May 14, 2012).

In Ridge Chrysler Jeep, the court gave both parties fourteen months to complete discovery, in what it described as "a very generous scheduling order." 2004 WL 3021842, at *1. One month into the discovery process, the parties reached an impasse, though no party filed a motion to compel. Id. Thirteen months later, and four days before the discovery deadline, the plaintiffs filed a motion to compel. Id. at *4. The court denied the motion as untimely—"a clear case of too little, too late." Id.

7

In this case, the parties appear to have reached an impasse at the midway point of a similarly generous discovery schedule. According to the supporting materials filed with the plaintiff's motion, prior to March 16, 2015, the plaintiff served certain interrogatories and documents on the defendant, some of which the defendant objected to as overly broad, unduly burdensome, or seeking irrelevant information. See Dkt. No. 26-1. On March 16, 2015, the plaintiff sent a letter to the defense with additional justifications for his requests. Id. This means that no later than March 16, 2015, the plaintiff was aware that he and Waukesha County had a disagreement over discovery. The plaintiff did not raise discovery issues with the court during the next twelve months, not even during two pretrial courtroom hearings. On March 18, 2016, the defendant responded to the plaintiff's letter from March 16, 2015, generally standing on its answers. Dkt. No. 26-2. Two weeks later, the plaintiff filed this motion to compel, on the final day of discovery. Dkt. No. 24. The motion contains no explanation for the last-minute filing, except for a declaration that the parties had reached an impasse. See id. at 1. The plaintiff's motion offers very little argument in support of his requests for further discovery.

In light of the lengthy discovery period, the absence of any explanation for the last-minute filing, the multiple extensions of the discovery period, the plaintiff's knowledge of the impasse some two weeks prior to the filing of the motion, and the fact that granting this motion would require yet another extension of the discovery period, the court finds that this motion is untimely.

8
Case 2:14-cv-00046-PP   Filed 07/29/16   Page 8 of 17   Document 55

### c. The Plaintiff Has Not Established That Waukesha County's Discovery Responses Are Deficient Or That He Will Suffer Prejudice If The Court Does Not Grant The Motion.

The court may grant an untimely motion if the moving party demonstrates that actual and substantial prejudice will result from the denial of discovery. GSI Grp., Inc. v. Sukup Mfg. Co., No. 05-3011, 2007 WL 1390611, at *2 (C.D. Ill. May 9, 2007). The plaintiff has argued that the requested information is relevant to his claim that Waukesha Country treated him differently—and worse—than officers who did not support Police Chief Bach. Dkt. No. 24, at 2. His motion does not identify, however, what information he believes the defendant has not identified or produced, if any. See Dkt. No. 24. Even when the plaintiff is able to articulate specific information that the defendant has not disclosed (such as the identities of certain persons, discussed below), the plaintiff failed to show (1) how the responsive information would be relevant to his claims, (2) why Waukesha County's discovery responses are deficient, and (3) how he will suffer prejudice if he does not obtain the supplemental information he seeks.

"The purpose of discovery is to sharpen the issues in a case for trial, not to gather information to support a complaint." Adams v. Target, No. IP 00-1159-C T/G, 2001 WL 987853, at *2 (S.D. Ind. July 30, 2001). Absent a claim that the defendant is withholding specific information, and without a cogent theory of why that information would be relevant to the claim, the plaintiff's motion appears to be more of a fishing expedition than "calculated to lead to discovery of admissible evidence," Dkt. No. 24, at 2, or "relevant . . . and

9

proportional to the needs of the case."[1] Fed. R. Civ. P. 26(b)(1). When a party cannot show prejudice, it is within the court's discretion to deny a motion to compel. See McCowan v. Educ. Servs. of Am., No. 1:08-CV-55, 2009 WL 3055313, at *5 (N.D. Ind. Sept. 21, 2009); Everett v. Aldi, Inc., No. 1:07-CV-275, 2009 WL 940379, at *6 (N.D. Ind. Apr. 6, 2009); In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 342 (N.D. Ill. 2005).

The court will deny the plaintiff's untimely motion to compel discovery because he has not established the relevance of the information he is seeking, in some cases he has failed to establish that Waukesha County has any additional responsive information, and he has failed to establish that he will suffer any prejudice if he does not obtain the additional discovery that he seeks. Briefly, however, the court will discuss below the discovery requests that the plaintiff put at issue in his motion.

1. ***Interrogatory No. 4:*** Identify, as that term is defined above, all sworn officers hired, promoted, demoted, retired, and/or terminated by Defendant for the period January 1, 2010 through January 31, 2012.

---

[1] At the time of the plaintiff's original discovery requests, which are in dispute here, and until December 1, 2015, the discovery standard under Fed. R. Civ. P. 26(b)(1) was "any nonprivileged matter that is relevant to any party's claim or defense . . . [r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." After December 1, 2015, the rule changed to allow discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." While the plaintiff's motion fails on the merits under either rule, the court applies the old Fed. R. Civ. P. 26(b)(1) because plaintiff's discovery requests were issued under that rule and justified using its language. It would be unjust in this case to apply a new standard to a discovery dispute that arose, and should have been resolved, months before the rule change. See Design Basics LLC v. Best Built Inc, No. 14-CV-597, 2016 WL 1060253, at *2.

Waukesha County originally responded that this interrogatory was overly broad, unduly burdensome, and sought information that is neither relevant nor calculated to lead to the discovery of admissible evidence. Dkt. No. 24 at 1. The plaintiff contends that this interrogatory seeks relevant comparator information about the qualifications of the officers hired by the defendant. In Waukesha County's supplemental response, the County stood on its answer, adding that the plaintiff was not hired in 2009 because he did not meet the minimum educational requirements for the position, and that he was not hired in 2011 because he refused to take the required written test. Dkt. No. 26-2 at 2.

In response to the plaintiff's motion, Waukesha County contends that this interrogatory will yield only a list of names, many of which would not serve as comparator information because the plaintiff's claims are based on a failure to hire, not promotion, demotion, retirement, or termination. The County argues that names alone are not comparator information. The County further argues that there is no allegation in the complaint that any other applicant engaged in a protected activity and was treated more favorably than the plaintiff. The County argues that the plaintiff has not shown that there are any such persons similarly situated to the plaintiff who can serve as comparators.

The court finds that the plaintiff has not established how the identities of all officers who were promoted, demoted, retired, and/or terminated by Waukesha County in the years 2010, 2011, and 2012 will serve the purpose of comparing the plaintiff and his qualifications to other officers who *were* hired by the County. Moreover, Waukesha County responded in discovery that all

11

Deputy Sheriffs hired after the County adopted Enrolled Ordinance 194-35 in 1994 have had either an Associate's Degree or sixty college credits. Dkt. No. 26-2 at 2. The court finds that the plaintiff will not be prejudiced by the court's decision not to order the County to supplement its response.

> 2. **Interrogatory No. 5:** Identify, as that term is defined above, any or all of Defendant's sworn law enforcement officers employed as of December 1, 2009 who were NOT receiving education incentive pay for holding an Associate's Degree and/or 60 college credits under the terms of the WPPA labor contract with Waukesha County at that time.

The plaintiff contends that this interrogatory also was designed to identify comparator information regarding officers who were employed by Waukesha County but did not have an Associate's Degree and/or sixty college credits. Dkt. No. 24 at 2. The plaintiff claims to have been "grandfathered in," and was not subject to Waukesha County's requirement that a person must have either an Associate's Degree or sixty college credits to be hired as an officer. Id.

Again, Waukesha County originally responded that this interrogatory was overly broad, unduly burdensome, and sought information that was neither relevant nor calculated to lead to the discovery of admissible evidence. The County's amended answer added a statement that since Enrolled Ordinance 149-35 "was enacted in 1994, all Deputy Sheriffs hired have either had an Associate's Degree or 60 college credits." Dkt. No. 26-2 at 2.

In response to the plaintiff's motion, Waukesha County argues that this interrogatory will yield only a list of the names of individual officers who were employed as of December 1, 2009 and were not receiving education incentive

12

pay (if any such officers exist). Waukesha County further argues that the plaintiff failed to explain how any such persons could serve as comparators, and its discovery responses state that all Deputy Sheriffs hired since the County adopted Enrolled Ordinance 149-35 have met the educational requirements contained in the ordinance. The court finds that the plaintiff has failed to establish that the County's response to this interrogatory is deficient, and the court's decision not to order the County to supplement its response will not prejudice the plaintiff.

3. ***Interrogatory No. 7:*** Identify (as that term is defined above) all documents related in any way to Plaintiff and/or Plaintiff's background check(s) on any occasion exchanged between Defendant, the City of Pewaukee, and/or the Village of Elm Grove Police Department. Regarding the responsive information Defendant forwarded to the Village of Elm Grove Police Department, identify (as that term is defined above) the person(s) who selected the documents for forwarding.

Waukesha County originally objected that this interrogatory was overbroad, unduly burdensome, and sought information that was neither relevant nor calculated to lead to the discovery of admissible evidence. Id. Waukesha County further responded that it did not provide information to the Village of Elm Grove Police Department. Id. at 3. In its March 18, 2016 response letter, Waukesha County stood on its answer that it did not provide information to the Village of Elm Grove Police Department. Id. The plaintiff has not explained why he believes Waukesha County's response is insufficient or explained what documents he believes exist that the defendant has failed to identify. The plaintiff has not established that the court should issue an order

13

compelling Waukesha County to respond further to this request or that he will suffer prejudice as a result of the court's decision to deny his motion.

4. ***Interrogatory No. 9:*** Identify, as that term is defined above, all individuals hired by Defendant as sworn law enforcement officers for the period January 1, 2009 to the present who took the physical standards test more than once, and specify the reason(s) for each identified individual receiving more than one opportunity to take the physical standards test.

The plaintiff has not articulated why this information would be relevant to his claim. His motion to compel states, "this question seeks [...] comparator information to determine Plaintiff's qualifications." Dkt. No. 24, at. 3. The plaintiff has not alleged, however, that he was denied employment because of his physical fitness, or that others were hired despite being less physically fit than the plaintiff. The plaintiff alleges that he was denied employment because of his support for Chief Bach. Dkt. No. 1, at 11. A response to this interrogatory would not provide the plaintiff with comparator information, and because that is the only justification he has provided for this interrogatory, he has failed to establish that this information is relevant to his claims and that he will suffer prejudice without it.

5. ***Document Request No. 1:*** Produce all correspondence, memoranda, notes, computer files, e-mail, online social media maintained in the course of Defendant's business, or other written media of any kind, whether to Defendant, from Defendant, or internal to Defendant, referring to or regarding Plaintiff in any way, for the period January 1, 2005 to the present, in whatever form maintained.

The documents the plaintiff filed in support of his motion to compel show that Waukesha County objected to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information that was neither

14

relevant nor calculated to lead to the discovery of admissible evidence. Dkt. No. 26-2, at 4. In its supplemental response, Waukesha County responded that it had produced the plaintiff's background investigation file, and asked the plaintiff's counsel to explain what information she believed had not been produced. Id.

The plaintiff has not described any inadequacies in the content of Waukesha County's document production, nor has he identified any documents that he believes the defendant has withheld. In short, the plaintiff has not established any reason that would support a conclusion that Waukesha County's document production is deficient. The plaintiff has not established that the court should issue an order compelling Waukesha County to respond further to this request.

> 6. **Document Request No. 3:** Produce any written or recorded statement made by or for any party or witness concerning the facts of this case in any way, including, but not limited to, all investigative reports prepared by Defendant or on Defendant's behalf that relate to the facts of this case in any way.

Waukesha County originally responded that this request sought information protected by the work product doctrine. Id. In its amended response, Waukesha County stood on its answer, but clarified that it "does not have any statements and Mr. Wilbur already has a copy of the Walworth County Sheriff's Department file." Id. As with the previous request, the documents that the plaintiff filed in support of his motion indicate that Waukesha County has responded to this request twice, and the plaintiff has not identified what additional documents he believes are responsive and should

15

have been produced. The plaintiff has not established that the court should issue an order compelling Waukesha County to respond further to this request.

7. **Document Request No. 6:** Produce all documents related in any way to Plaintiff and/or Plaintiff's background check(s) that were exchanged between Defendant, the City of Pewaukee, and/or the Village of Elm Grove Police Department.

Waukesha County has stated that it has no documents that are responsive to this request, id. at 5-6, and the plaintiff has not established any reason for the court to conclude otherwise. Without any evidence that the defendant has not produced responsive documents, the court will not compel Waukesha County to supplement its response.

## III. THE COURT WILL GRANT THE PLAINTFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

The plaintiff asked the court to extend the date on which his responses to the defendants' motions for summary judgment on the grounds that (1) he needs further discovery from Waukesha County to oppose those motions, and (2) his counsel has had health and personal issues that have required her to spend a significant amount of time caring for herself and her family. Dkt. No. 51 at 1-2. As discussed above, the court will deny the plaintiff's motion to compel. Because the plaintiff's motion to compel remained pending on the dispositive motion deadline, however, the court will grant the plaintiff's Civil Local Rule 7(h) motion, and extend the date by which he must file his response to the defendants' summary judgment motions through and including August 31, 2016.

16

## IV. CONCLUSION

For the reasons explained in this order, the court **DENIES** the plaintiff's motion to compel (Dkt. No. 24) and **GRANTS** the plaintiff's motion for an extension of time in which to respond to the defendants' summary judgment motions (Dkt. No. 51). The plaintiff must file his responses to the defendants' summary judgment motions on or before **August 31, 2016.**

Dated in Milwaukee, Wisconsin, this 28th day of July 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
U.S. District Judge